**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAR 28 2005

MATTHEW J. DYKMAN
CLERK

JEFF M. ALEJO,

Petitioner,

v.

Civ. No. 04-1423 RB/RLP

ALLEN COOPER, Warden of Cibola
County Correctional Center,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.  This is a proceeding brought pursuant to 28 U.S.C. § 2241. Mr. Alejo is a federal prisoner incarcerated in the Cibola County Correctional Center, which houses federal inmates pursuant to a contract with the Federal Bureau of Prisons ("BOP"). Mr. Alejo is currently serving a 120-month term of imprisonment for conspiracy to manufacture and distribute a controlled substance in violation of 21 U.S.C. § 846. *See United States v. Alejo*, 1:96CR05181-001 (E.D.Cal. 1997), attached as Exhibit 1 to Docket 9. The Government concedes exhaustion. Because Mr. Alejo contests the BOP's method of calculating his good time credits, this action is properly brought under § 2241.

2.  The federal "good time" statute, 18 U.S.C. § 3624 provides that prisoners "shall be released by the [BOP] on the date of the expiration of the prisoner's term of

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.



imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)." § 3624(a). Subsection (b) states that a prisoner serving a term for more than one year, but less than the duration of his life, "may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." § 3624(b)(1). "[C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." *Id.*

3. Neither this court nor the Government has found any Tenth Circuit Court of Appeals' opinions construing this statute. The Seventh Circuit Court of Appeals, however, recently issued its consideration of the problem in *White v. Scibana*, 390 F.3d 997 (7th cir. 2005). That court concluded that the time the inmate actually serves, not the sentence imposed, forms the basis for the good time credits.

4. The BOP interprets § 3624 as establishing a maximum of 54 days credit "*for each year served.*" *Scibana*, 390 F.3d at 999 (quoting 28 C.F.R. § 523.20; emphasis by the court). "The term an inmate actually serves is not the term imposed by the court but something less; annual good time awards operate to incrementally reduce the term of imprisonment imposed in the sentence." *Id.* at 998. So, the first year of the sentence accrues 54 credits, but the next year accrues only 46 credits, and so on until the prisoner is released. The formulation is based on "a year and a day," or 366 days times the multiplier of .148 (54 divided by 366 = .148). *Id.* at 1000 & n.1

2

5.  The *Scibana* court determined that the phrase "term of imprisonment" must sometimes mean the "time served" rather than the "sentence imposed" as used in § 3624.

> The statute . . . establishes a process of awarding credit at the end of each year of imprisonment based on a review of the prisoner's behavior during that year, a process that would be undermined if "term of imprisonment" means "sentence imposed." This is because the accumulation of good-time credit reduces the amount of time a prisoner will ultimately spend in prison, sometimes (as in [defendant's] case), by more than an entire year. The [BOP] cannot evaluate a prisoner's behavior and award credit for good conduct if the prisoner is not still in prison.

*Id.* at 1001.

6.  The BOP cannot predict what any prisoner's term of imprisonment will be, because that term depends on whether good-time credits are awarded and that determination is made annually at year's end.

> And such retrospective annual assessment and award of credit appears to be at the core of what the good-time statute is all about. To interpret "term of imprisonment" as "sentence imposed" for purposes of awarding good-time credit would entitle an inmate to receive credit for good conduct in prison for time - perhaps several years of time - that he was not in prison.

*Id.* at 1002.

7.  Having determined that § 3624 is ambiguous because the phrase "term of imprisonment" could not reasonably have one meaning throughout subsections (a) and (b), the court deferred to the BOP's "reasonable interpretation of the statute, which awards the credit for each year served in prison rather than each year of the sentence imposed." *Id.* at 1002-03.

3

8. The determination that § 3624 is ambiguous and that the court may defer to the BOP's interpretation of the statute was also the holding by other circuit courts. See *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *O'Donald v. Johns*, – F.3d --, 2005 WL 647669 (5th Cir. 2005); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002). One district court has found the statute unambiguous and the BOP's interpretation unreasonable. See *Williams v. Dewalt*, 351 F.Supp.2d 412 (D. Md. 2004).

10. Having reviewed the foregoing authorities, the court cannot say that the statute is free from ambiguity and therefore agrees with the reasoning and conclusions of the *Scibana* court.

## RECOMMENDATION

I recommend that the petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

4